# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:11-cv-00247

| | |
|---|---|
| TONY CURTIS BARRINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| UNITED STATES TREASURY, UNITED ) | |
| STATES GOVERNMENT ) | |
| ADMINISTRATION [sic], TIMOTHY ) | |
| GIETHNER [sic], BARACK OBAMA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court for initial review of the Complaint, filed May 18, 2011 (Doc. No. 2), pursuant to 28 U.S.C. § 1915(e). Pursuant to that statute, the Court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term "frivolous" in this context "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Thus, section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios." Id. at 327–28.

The Court finds that the Complaint in this case falls within the ambit of Section 1915(e)(2)(B).[1] Although this court recognizes that a *pro se* complaint must be read liberally, Erickson v. Pardus, 551 U.S. 89 (2007), the factual allegations contained within Plaintiff's

---

[1] Plaintiff applied for and received conditional approval for his application to proceed in forma pauperis, subject to the Court's ability to conduct an initial review of the Complaint (Doc. No. 6).

Complaint are the product of delusion and fantasy and are thus frivolous. As but one example of many fantastical and delusional allegations, Plaintiff asserts, "The Defendants violation FCRP 70 [sic], the US Treasury and Defendants fail to turn over deed to land in the Estate of Washington, George; Mt. Vernon, Virginia." (Doc. No. 2, Complaint, p. 2). Accordingly, Plaintiff's complaint shall be DISMISSED WITH PREJUDICE.

The Clerk is respectfully DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Signed: June 15, 2011

Graham C. Mullen
United States District Judge